IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**Case No. 19-MJ-2016DPR**

**JOSHUA S. CRECELIUS,**

    Defendant.

## MOTION OF THE UNITED STATES FOR A PRETRIAL DETENTION HEARING PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3142(f)

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure Defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that Defendant committed the offense charged in the complaint, that is, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1);

2. Defendant poses a risk to the safety of others in the community; and

3. Defendant poses a flight risk.

## SUPPORTING SUGGESTIONS

Section 3142(f) of Title 18 of the United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and public safety if the attorney for

1

the Government moves for such a hearing and the case involves a crime of violence or "any felony that is not otherwise a crime of violence . . . that involves the possession or use of a firearm." A defendant must be detained pending trial under section 3142(e) if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." The Government bears the burden of proving that a defendant poses a danger to public safety by clear and convincing evidence. 18 U.S.C. § 3142(f). Such a finding can be based on evidence that the defendant has been a danger in the past, if his past conduct suggests the likelihood of future misconduct. *United States v. Dominguez*, 783 F.2d 702, 707–08 (7th Cir. 1986). Danger to the community does not only refer to physical violence, but can apply to any likely conduct that will hurt the community, including the potential of continued criminal activity. *United States v. Tortora,* 922 F.2d 880 (1st Cir.1990).

As to flight risk, the Government need only show that "no condition or set of conditions . . . will reasonably assure the defendant's appearance" by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (noting the difference in evidentiary standards). "The ultimate determination that the magistrate . . . is required to make—whether it is reasonably certain that the defendant will show up for trial if admitted to bail (and whether, even if so, he can be left at large without endangering the safety of any other person . . . )—is inherently judgmental. It depends both on personal observation of the defendant and on a weighing of the daunting list of factors in section 3142(g)." *United States v. Diaz*, 777 F.2d 1236, 1237–38 (7th Cir. 1985) (internal citations omitted).

Section 3142(g) lists the factors this Court should consider in determining whether the Court can fashion conditions that will "reasonably assure the appearance of the person as

required and the safety of any other person and the community." These factors include: (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and the characteristics of the defendant, including his criminal history, and; (4) the nature and the seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Tortora,* 922 F.2d at 885–86.

In the present case, a detention hearing is warranted because Defendant has been charged with being a felon in possession of a firearm, a crime of violence for purposes of section 3142. *United States v. Shirley*, 189 F. Supp. 2d 966, 969 (W.D. Mo. 2002). Public safety cannot be reasonably assured by any conditions of release this Court can fashion. Defendant has a number of prior criminal convictions, including two relatively recent convictions for assault. Additionally, the Defendant poses a flight risk that cannot be reasonably mitigated by conditions of release, given his unstable living arrangements and connections to Nevada.

In further support of the Government's contention that Defendant is a risk to the safety of the community and poses a flight risk, the Government offers that:

1. On February 22, 2019, Corporal T. Barrett of the Missouri State Highway Patrol ("MSHP") stopped a vehicle driven by Defendant in Springfield, Missouri. A search of Defendant's person yielded four bags of suspected methamphetamine (46 grams with packaging); seven bags of suspected marijuana (22 grams with packaging); a bag containing two suspected oxycodone tablets; a bag containing one suspected clonazepam tablet and one-half of a suspected alprazolam (trade name Xanax) tablet; and one bag containing three unknown tablets.

2. The vehicle Defendant was driving was also searched. Among other things, Trooper Barrett found a digital scale, approximately 228 grams of suspected marijuana, and two loaded handguns within.

3. During a warned interview, Defendant admitted possessing the handguns, methamphetamine, and marijuana. Defendant explained that he possessed the handguns for his "protection."

4. On February 24, 2019, MSHP Trooper W. Lashmet stopped a vehicle driven by Defendant in Springfield, Missouri. Trooper Lashmet discovered that Defendant's Nevada driver's license was suspended, so had Defendant walk back to the patrol car with him. While walking to the patrol car, Trooper Lashmet observed Defendant stop briefly and look at the ground.

5. After some conversation with Defendant in the vehicle, Trooper Lashment exited his patrol car and observed a bag of suspected methamphetamine by his vehicle's right, front wheel. Trooper Lashmet placed Defendant under arrest for possession of a controlled substance and read him the *Miranda* warning. When asked how much the methamphetamine weighed, Defendant responded by stating it was less than 20 grams. A search of Defendant's vehicle yielded a loaded syringe, a spoon with suspected methamphetamine residue, a small amount of marijuana, and suspected counterfeit U.S. currency.

6. Defendant has previously been convicted of the following offenses:

    a. Misdemeanor possession of marijuana in Christian County, Missouri, on or about January 2, 2019;

    b. Fourth degree domestic assault in Greene County, Missouri, on or about April 19, 2018;

    c. Third degree assault in Miller County, Missouri, on or about May 10, 2017;

    d. Misdemeanor domestic violence in Clark County, Nevada, on or about August 29, 2007;

    e. Burglary and unlawful possession for sale of a controlled substance in Clark County, Nevada, on or about April 26, 2006;

    f. Obtaining and using the personal information of another in Clark County, Nevada, on or about April 29, 2009; and

    g. Possession or sale of a document to establish false status or identity in Clark County, Nevada, on or about April 29, 2009.

7. Missouri court records indicate Defendant committed the present offense while already on probation for fourth degree domestic assault in Greene County, Missouri. A review of public court records reveals Defendant was ordered not to possess firearms and ammunition as a term of his probation.

8. Defendant's connections to Missouri appear limited and the Government has reason to believe that Defendant does not have stable living arrangements. Accordingly, the Government submits Defendant represents a heightened flight risk.

## CONCLUSION

For the reasons set forth above, the United States requests that a detention hearing be held and that Defendant be denied bail because no combination of conditions can reasonably assure the safety of the community and Defendant's appearance in court.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney
Western District of Missouri

By  */s/ Byron H. Black*
Byron H. Black
Minnesota Bar No. 0395274
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

### Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on February 27, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Byron H. Black*
Byron H. Black
Assistant United States Attorney